# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHOKE DEB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-01245-TWP-DML |
| | ) |
| SIRVA INC., and | ) |
| ALLIED VAN LINES, INC., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ADDRESSING MOTION TO DISMISS AND OTHER MATTERS

This matter is before the Court on Defendants SIRVA, Inc.'s ("SIRVA") and Allied Van Lines, Inc.'s ("AVL") (collectively, "Defendants") Motion to Dismiss Plaintiff Ashoke Deb's ("Mr. Deb") Amended Complaint (Dkt. 29). Mr. Deb filed this action against SIRVA and AVL, alleging that a joint venture of the Defendants, with its alleged subsidiary Allied Lemuir, breached its agreement to pack and transport Mr. Deb's household items from India to Canada. Also pending before the Court is Mr. Deb's Motion for Leave to File Surreply in Opposition to Defendants' Motion to Dismiss (Dkt. 47) and Motion for Leave to File a Late Reply to Defendants' Response in Opposition to Plaintiff's Motion for Leave to File Surreply (Dkt. 51). For the reasons set forth below, both of Mr. Deb's motions for leave are **DENIED**, and Defendants' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

The following facts taken from Mr. Deb's Complaint are accepted as true for purposes of this motion and are viewed in the light most favorable to Mr. Deb as the non-moving party. Mr. Deb is a foreign citizen residing in Canada. AVL is a Delaware corporation with its principal place of business in Illinois. SIRVA is also a Delaware corporation, and its principal place of

business is in Indiana.  Mr. Deb alleges that Allied Lemuir, a moving company located in India, is a joint venture that was created on August 2, 1999 by AVL and Allied Lemuir.  Now known as Allied Pickfords, Allied Lemuir is a member of the SIRVA Group, which includes brands such as AVL, Allied International, Allied Pickfords, and several others.

In August 2009, Mr. Deb contracted with Allied Lemuir in India for services related to the packing and shipping of his personal and household effects from Calcutta, India to his current home in St. John's, in the Province of Newfoundland and Labrador, Canada.  Unfortunately, Mr. Deb's personal belongings never left India.  On September 5, 2009, Mr. Deb received an e-mail from Allied Lemuir, indicating that sea freight charges had risen substantially as of September 2009, thereby Mr. Deb would need to pay an additional amount of money to have the items shipped and unpacked.  Mr. Deb refused to pay the additional amount, and demanded that Allied Lemuir fulfill its obligations under the contract as written.  Following several months of delays, Allied Lemuir sent a letter dated January 30, 2010, demanding additional charges that had accrued for demurrage, fumigation, renewal of customs clearance, and sea freight.  The letter stated that if Mr. Deb failed to remit payment within seven days, it would assume he was no longer interested in the shipment.  Mr. Deb did not respond to the letter.  According to a letter dated August 26, 2010, which Mr. Deb says he did not receive until it was sent to his counsel on April 12, 2013, Mr. Deb's property was eventually sold.

Up until the time Mr. Deb discovered that his property had been disposed of by Allied Lemuir, Mr. Deb attempted to contact Defendants in order to obtain his personal goods.  From December 2010 until May 2011, Mr. Deb's counsel in Canada attempted to resolve the issue with an attorney for Allied Van Lines Canada ("Allied Canada") and with SIRVA.  SIRVA's Claim Services Department responded to Mr. Deb's inquiry on August 11, 2010, stating that they

were unable to identify Mr. Deb's shipment in SIRVA's system, but if the move was through AVL or Allied North American, they should forward the inquiry to the proper party. Mr. Deb, through counsel, made addition inquiries to SIRVA and Allied Van Lines Canada regarding his shipment, but to no avail.

Mr. Deb filed a Statement of Claim against Allied Canada in the Supreme Court of Newfoundland and Labrador, Canada, in the Trial Division, on November 5, 2010, nearly three years before filing the instant action with this Court. In the Statement of Claim, Mr. Deb asserts that he is entitled to specific performance of his contract with Allied Lemuir, whom he alleges is affiliated with Allied Canada, for the packing, shipping and unpacking of a container of his personal belongings from India to Canada. Further, Mr. Deb sought damages for the loss, use and enjoyment of his personal belongings, costs and interest.

## II. DISCUSSION

As an initial matter, the Court will address the parties' ancillary motions relating to surreplies; thereafter the substantive motion to dismiss will be addressed.

**A.     Surreply, Motion to Strike, Motion to File Late Response to Surreply**

Mr. Deb has filed a Motion for Leave to File a Surreply (Dkt. 47). Local Rule 7-1 does not provide for a surreply for motions to dismiss, and surreplies are only permissible under Local Rule 56-1(d) in briefing motions for summary judgment. S.D. Ind. L.R. 7-1, 56-1. However, a party may seek leave from the court to file a surreply to address new matters argued in a reply brief. *Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 1:11-CV-1108-SEB-TAB, 2013 WL 2406262, at *3 (S.D. Ind. May 31, 2013). Here, Mr. Deb's proposed surreply (Dkt. 51-1) does not address any new matters raised for the first time in the Reply. He argues that Defendants address the statute of limitations under Indian law for the first time in their Reply;

3

however, the issue of the applicability of Indian law was raised by Mr. Deb himself, in his Response and is not an entirely new issue. Therefore, the Motion for Leave to File Surreply (Dkt. 47) is **DENIED** and the proposed surreply (Dkt. 47-1) is **STRICKEN**.

Likewise, the Local Rules do not contemplate the filing of a response in opposition to a motion for leave to file a surreply, nor do they provide for the filing of a reply to a response in opposition to a motion for leave. Defendants' Response in Opposition to the Motion for Leave to File Surreply (Dkt. 50) is therefore **STRICKEN**. Mr. Deb's Motion for Leave to File a Late Reply to Defendants' Response in Opposition to Plaintiff's Motion for Leave to File Surreply (Dkt. 51) is **DENIED**, and Defendants' Response in Opposition to Plaintiff's Motion for Leave to File a Late Reply (Dkt. 52) is **STRICKEN**.

**B.     Motion to Dismiss**

Defendants assert several grounds upon which they argue this case should be dismissed by the Court, including dismissal under the doctrine of *forum non conveniens*. A federal court has discretion to dismiss a case on the ground of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007) (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–48 (1994)) (additional citations omitted). "Dismissal for *forum non conveniens* reflects a court's assessment of a 'range of considerations, most notably the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)) (additional citations omitted). The common-law doctrine of *forum non conveniens*

applies in the federal courts only in cases where the alternative forum is abroad.[1] *Am. Dredging*, 510 U.S. at 449 n.2. A defendant seeking dismissal under the doctrine of *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum; however, when the plaintiff's choice is not his home forum, the presumption in the plaintiff's favor applies with less force. *Piper Aircraft Co.*, 454 U.S. at 255–56.

In determining whether a case ought to be dismissed on the basis of *forum non conveniens*, the Court must first determine whether an alternative forum for the litigation exists. *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997) (citing *Piper Aircraft Co.*, 454 U.S. at 254). In order to be considered an alternative forum, the forum must be both available and adequate; meaning that all parties are amenable to process and subject to jurisdiction in the forum, and the parties would not be deprived of a remedy or treated unfairly. *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 704 (7th Cir. 2005) (quoting *Kamel*, 108 F.3d at 802-03). A defendant carries the burden at this stage of the process to demonstrate that there is a forum available that meets these two requirements. *Id.*

In this case, there are two possible forums that satisfy this requirement. Mr. Deb has already filed a claim in the Canadian courts arising out of the same course of conduct that gave rise to the instant case, and he does not argue that the Canadian court forum is somehow improper. In addition, India is also an appropriate forum for this action. Mr. Deb admits that Indian law governs in this case, and all of the events giving rise to this lawsuit—as well as the

---

[1] For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); cf. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (Section 1406(a) "authorize[s] the transfer of [a] cas[e] . . . whether the court in which it was filed had personal jurisdiction over the defendants or not.").

one pending in Canada—occurred in India.  Mr. Deb argues that Defendants have not presented any evidence that they would consent to service of process in India.  However, it is the law of the forum that renders a party amenable to jurisdiction, not the consent of the party.  *See Kamel*, 108 F.3d at 803 ("[E]ven without [defendant's] consent, Saudi law would render [defendant] amenable to Saudi jurisdiction.").  If the Court accepts Mr. Deb's argument that Defendants were doing business in India as Allied Lemuir and are thus responsible for the joint venture's actions, the Indian courts should be able to exercise jurisdiction over the Defendants.  Thus, the Court is satisfied that the first factor is met, and that an alternative forum exists for this litigation.

Now that the Court has found that alternative forums exist, it must weigh a number of private and public factors to determine whether to dismiss this case on *forum non conveniens* grounds.  *In re Bridgestone/Firestone, Inc.*, 420 F.3d at 704.  The private factors include:

> …the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).  The Court must also consider public factors, which include:

> …the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Kamel*, 108 F.3d at 803 (citing *Piper*, 454 U.S. at 241 n.6).

Both the private and public factors weigh in favor of dismissing this case on *forum non conveniens* grounds.  First, with regard to the private factors, all of the incidents giving rise to this lawsuit occurred in India, thus the most likely sources of proof will be in India.  Second, the

6

majority of the witnesses will be located in India, requiring tremendous expense to depose them or have them available for trial in Indiana. In addition, these witnesses are outside of this Court's 100-mile subpoena power radius, and service of a subpoena under 28 U.S.C. § 1783 governing subpoena of a person in a foreign country would likely not apply because the witnesses may not necessarily be United States nationals or residents; thus, the Court's power to subpoena unwilling witnesses is limited. Third, viewing the premises where Mr. Deb's belongings were allegedly held in India, if necessary, would be extremely costly. Overall, the fact that the events giving rise to this lawsuit occurred exclusively in India makes the private considerations weigh in favor of dismissal.

Likewise, the public considerations also weigh in favor of dismissal for *forum non conveniens*. First, this Court would be faced with the difficult task of interpreting and applying foreign law. The parties do not dispute that under the Indiana choice of law rules, Indian law would apply in this case. As demonstrated by the fact that the parties had to provide the Court with what it believes to be relevant Indian case law, the Court would have extreme difficulty in researching, as well as applying, Indian substantive law, which may not utilize the same principles as U.S. law as it relates to agency, joint venture liability, bailment, statutes of limitations, etc. Second, because this is not a localized dispute and local law does not apply, an Indiana court has no interest in deciding the dispute. Likewise, it would be unfair to burden the citizens within the Southern District of Indiana with jury duty and expect them to understand and apply Indian law to the facts of this case. Mr. Deb makes several arguments as to why litigating this case in Indiana is preferable to litigating in India; however, considerations such as whether Defendants have assets in India to satisfy a judgment or whether the Defendants would acquiesce

7

to enforcement of an Indian judgment are not relevant factors for the Court to consider in analyzing whether dismissal is appropriate for *forum non conveniens*.

Because the Court finds that the private and public factors overwhelmingly disfavor adjudication of this case in Indiana courts, the doctrine of *forum non conveniens* warrants dismissal of this matter, and the Defendants' Motion is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Mr. Deb's Motion for Leave to File Surreply (Dkt. 47) is **DENIED**; the proposed surreply (Dkt. 47-1) is **STRICKEN;** Defendants' Response in Opposition to the Motion for Leave to File Surreply (Dkt. 50) is **STRICKEN;** Mr. Deb's Motion for Leave to File a Late Reply to Defendants' Response in Opposition to Plaintiff's Motion for Leave to File Surreply (Dkt. 51) is **DENIED**, and Defendants' Response in Opposition to Plaintiff's Motion for Leave to File a Late Reply (Dkt. 52) is **STRICKEN.**

Defendants' Motion to Dismiss (Dkt. 29) is **GRANTED**, and Mr. Deb's claims are **DISMISSED without prejudice**.

**SO ORDERED.**

Date: 06/06/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eric L. Zalud
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
ezalud@beneschlaw.com

Stephanie Sackellares Penninger
BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
spenninger@beneschlaw.com

David E. Wright
KROGER GARDIS & REGAS LLP
dew@kgrlaw.com