UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ASHOKE DEB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-01245-TWP-DML |
| | ) | |
| SIRVA INC., | ) | |
| ALLIED VAN LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration filed by Defendants Sirva Inc., and Allied Van Lines, Inc. (collectively "Defendants"). (Filing No. 82.) On November 17, 2016, Defendants relied on the Declaration of Abigail Jones when moving to dismiss Plaintiff Ashoke Deb's ("Deb") Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(7), 12(b)(3), principles of forum non conveniens and international comity. (Filing No. 77; Filing No. 78-1.) Thereafter, on November 29, 2016, Deb filed a Motion for Extension of Time to Respond to Renewed Motion to Dismiss and Motion to Strike or Exclude Declaration of Abigail Jones ("Jones"). (Filing No. 80.) The following day, on November 30, 2016, the Court granted Deb's Motion in its entirety. (Filing No. 81.) Defendants now ask the Court to reconsider its Order granting Deb's Motion to Strike or Exclude Declaration of Jones ("Order"), arguing among other things that the Court failed to allow Defendants time to respond. (Filing No. 82.) For the following reasons, the Court **GRANTS** Defendants' Motion for Reconsideration. Having considered Defendants Response and Deb's Reply, the Court **grants in part and denies in part** Deb's Motion to Strike.

## I. LEGAL STANDARD

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters properly encompassed in a decision on the merits. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). In this regard, a manifest error is not demonstrated by merely presenting "the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (a manifest error is "the wholesale disregard, misapplication, or failure to recognize controlling precedent."). Further, a motion to alter or amend a judgment is not an opportunity to "relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 1:07-CV-1630-SEB, 2009 WL 799546, at *3 (S.D. Ind. Mar. 24, 2009). *See also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007).

## II. DISCUSSION

Defendants request the Court to reconsider its Order for three reasons. Defendants first argue that the Court did not afford them time to respond to Deb's Motion to Strike as required by Local Rule 7-1(c)(2)(A) and Federal Rule of Civil Procedure 6(d). Defendants next contend that the Seventh Circuit permits consideration of Jones' declaration when resolving factual questions supporting grounds for dismissal under 12(b)(7), 12(b)(3), principles of forum non conveniens

and international comity. Defendants lastly assert that Deb failed to follow Local Rule 7-1(a) when filing the Motion to Strike.

**A. Opportunity to Respond**

Defendants argue that the Court failed to afford them time to respond to Deb's Motion to Strike. On November 29, 2016, Deb filed a Motion for Extension of Time to Respond to Renewed Motion to Dismiss and Motion to Strike or Exclude Declaration of Abigail Jones. ([Filing No. 80](#).) On November 30, 2016, less than twenty-four hours after Deb's request, the Court issued an Order granting the Motion in its entirety. The Court agrees that it failed to allow Defendants time to respond pursuant to Local Rule 7-1. Accordingly, the Court will consider Defendants' response to Deb's Motion to Strike.

**B. Local Rule 7-1(a)**

The Defendants also argue that the Court should reconsider its Order because Deb failed to follow proper procedures when moving to strike Jones' declaration. Deb filed a motion to strike in the same pleading as a motion for enlargement of time for responding to Defendants' renewed motion to dismiss. "Motions must be filed separately, but alternative motions may be filed in a single document if each is named in the title." Local Rule 7-1(a). Defendants contend that a motion to strike is not alternative to seeking additional time to respond to a motion to dismiss. In response, Deb argues that he fully complied with the local rules because he identified both requests— motion for extension of time and motion to strike— in the title of the Motion. The Court concludes that, the Motion to Strike is not an alternative to the motion for enlargement of time and the motions should have been filed separately. However, this issue is no longer of consequence because the Court has determined that it will consider Defendants' response to Deb's Motion to Strike.

## C. Jones Declaration

Defendants contend that the Court should reconsider its Order and, rather than strike Jones' declaration in its entirety, the Court should strike only references to Jones' declaration from Defendants' argument for dismissal under Rule 12(b)(6). Defendants assert that the Court should, however, consider Jones' declaration when deciding whether to dismiss Deb's Amended Complaint pursuant to 12(b)(7), 12(b)(3), principles of forum non conveniens and international comity. When ruling on a motion to dismiss, "a court may consider matters outside of the pleadings to resolve factual questions pertaining to jurisdiction, process, or indispensable parties." *Deb v. SIRVA, Inc.,* 832 F.3d 800, 809 (7th Cir. 2016) (citing *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993)). However, Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6)…, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

In response, Deb contends that the Court should deny Defendants' motion to reconsider because Defendants cite to and rely on Jones' declaration only in connection with their Rule 12(b)(6) argument. Deb also argues that Defendants failed to explain how Jones' declaration has any bearing on the remaining grounds for dismissal.

The Court finds that references to Jones' declaration are permitted to resolve factual questions pertaining to jurisdiction, process, or indispensable parties pursuant to 12(b)(7), 12(b)(3), principles of forum non conveniens and international comity. *See Deb*, 832 F.3d at 809. The Court concludes, and the parties do not dispute, that any reference to Jones' declaration regarding Defendants' 12(b)(6) argument is stricken. Accordingly, the Defendants' Motion for Reconsideration is **granted** and Deb's Motion to Strike Jones' declaration is **granted in part and denied in part**.

## III. CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' Motion to Reconsider (Filing No. 82.), and **grants in part and denies in part** Deb's Motion to Strike Declaration of Abigail Jones. (Filing No. 80.) Jones' declaration is permitted to resolve factual questions regarding Defendants' Motion to Dismiss pursuant to 12(b)(7), 12(b)(3), principles of forum non conveniens and international comity. Jones declaration is stricken from consideration regarding Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).

**SO ORDERED.**

Date: 1/11/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Eric L. Zalud
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
ezalud@beneschlaw.com

Stephanie Sackellares Penninger
BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
spenninger@beneschlaw.com

David E. Wright
KROGER GARDIS & REGAS LLP
dew@kgrlaw.com

Kevin Dale Koons
KROGER GARDIS & REGAS LLP
kdk@kgrlaw.com