# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ASHOKE DEB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-01245-TWP-DML |
| | ) | |
| SIRVA INC., | ) | |
| ALLIED VAN LINES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed by Defendants SIRVA, Inc. ("SIRVA") and Allied Van Lines, Inc. ("Allied U.S."), (collectively "Defendants"). This dispute arises out of a failed moving contract entered into in India by Plaintiff Ashoke Deb ("Deb") and a moving company called Allied Lemuir. Deb's belongings never made it from India to Canada and were ultimately sold to cover the disputed balance between Deb and Allied Lemuir. He now seeks the Defendants liable for the disposal of his property. Defendants dispute liability and have moved to dismiss Deb's Amended Complaint. For the reasons described below, the Court denies Defendants' Motion to Dismiss, (Filing No. 77).

## I. BACKGROUND

In or around August 2009, Deb contracted with Allied Lemuir to pack and move his personal and household effects from Calcutta, India to St. John's, Canada. (Filing No. 27 at 4-5.) On August 22, 2009, the date that Allied Lemuir packed Deb's belongings and loaded the items for shipment, Deb paid in advance and in full the contracted amount of $5,362.29.[1] (Filing No. 27

---

[1] The Court recites all monetary sums in U.S. dollars, as opposed to rupees, using the conversions alleged in the Amended Complaint.

at 5.)  On September 5, 2009, Deb received an email from Allied Lemuir, indicating that sea freight charges had risen substantially, and requiring him either to pay an additional $1,138.03 or to have the shipment unpacked in Canada at his own expense.  (Filing No. 27 at 6.)  On September 11, 2009, Deb responded that he expected Allied Lemuir to fulfill its contractual obligation, and refused to pay the additional amount.  (Filing No. 27 at 6.)  Between September 15 and November 19, 2009, Deb received at least six emails from Allied Lemuir, stating additional reasons why it had not yet shipped his belongings, including that Deb had not provided Allied Lemuir his travel departure certificate from Calcutta to Toronto, and that transport from Calcutta had been delayed by port congestion.  (Filing No. 27 at 7.)  On December 24, 2009, Deb received a letter repeating the demand for additional payment made in the September 5, 2009 email.  (Filing No. 27 at 7.)  Allied Lemuir sent Deb a letter dated January 30, 2010, stating that Deb had accrued additional charges for demurrage and fumigation of his belongings, customs clearance, and sea freight expenses.  (Filing No. 7.)  The letter stated that if Deb failed to remit payment within seven days, the company "would be forced to construe that [he was] no longer interested in the shipment."  (Filing No. 27 at 7.)  Deb did not respond to that letter.  (Filing No. 27 at 7.)

On August 5, 2010, Deb's Canadian attorney, Amanda Barfitt, emailed American company Allied Van Lines ("Allied U.S."), asking it to take all necessary steps to ensure that Deb's belongings were shipped to Deb as quickly as possible.  (Filing No. 27 at 8.)  On August 10, 2010, SIRVA's vice president and general manager of international moving services forwarded Barfitt's August 5 email to an individual named Ravi, copying Barfitt, asking Ravi to "investigate urgently and respond."  (Filing No. 27 at 8.)  On August 11, 2010, SIRVA's claim services department emailed Barfitt stating that they were unable to identify a record of shipment for Deb, and asking Deb to provide a registration number so that the account could be located.  (Filing No. 27 at 8.)

2

Barfitt responded on August 12, 2010 that Deb was not given a registration number. (Filing No. 27 at 9.)

Barfitt did not receive a response to the August 12 email, and she emailed Allied Van Lines Canada ("Allied Canada") on August 23, 2010. (Filing No. 27 at 9.) From December 2010 through May 2011, Barfitt attempted unsuccessfully to resolve the issue with an attorney for Allied Canada. (Filing No. 27 at 9.) On April 12, 2013, Deb's new legal counsel, Davis E. Wright, received an email from Allied Lemuir's counsel. (Filing No. 27 at 10; Filing No. 27-18.) That email contained a letter dated August 26, 2010 and addressed to Barfitt. (Filing No. 27-18.) The letter stated, among other things, that Allied Lemuir sold Deb's property in order to pay the additional costs it had incurred and that Deb had refused to pay. (Filing No. 27-18.) Deb alleges that this letter was never received by either Barfitt or himself. (Filing No. 27 at 10.)

Deb filed a legal action against Allied Canada in the Supreme Court of Newfoundland and Labrador, Canada on November 5, 2010.[2] (Filing No. 78-4.) On July 12, 2013, while the Canadian case was still pending, Deb filed this action in Indiana state court against Allied U.S. and SIRVA, raising conversion and breach of contract claims. (Filing No. 1-2.) Defendants jointly filed a notice of removal to this Court on August 5, 2013, (Filing No. 1), and Deb filed the operative Amended Complaint on October 18, 2013, (Filing No. 27).

On November 4, 2013 Defendants filed a Motion to Dismiss the Amended Complaint, raising several arguments in support of dismissal. (Filing No. 29.) Defendants argued that: (1) Deb failed to state a claim upon which relief can be granted; (2) Deb failed to join a required party; (3) the promotion of judicial economy and efficiency warranted dismissal; (4) the claim should be dismissed on forum non conveniens grounds; and (5) the applicable statute of limitations barred

---

[2] The Court takes judicial notice of this public record without converting the current motion into one for summary judgment. *See, e.g., Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

Deb's claims.  (Filing No. 30.)  This Court granted Defendants' Motion to Dismiss on forum non conveniens grounds, and did not reach Defendants' other arguments.  (Filing No. 55.)  Deb appealed the dismissal, and the Seventh Circuit concluded that this Court did not hold Defendants to their burden of demonstrating that India was an available and adequate forum for this litigation.  (Filing No. 65 at 5.)  The Seventh Circuit vacated this Court's prior order and remanded the case for further consideration.  (Filing No. 65 at 5.)

Defendants have filed a renewed Motion to Dismiss, (Filing No. 77), which is now fully briefed and ripe for this Court's review.

## II. DISCUSSION

In their Renewed Motion to Dismiss, (Filing No. 77), Defendants raise four arguments in support of dismissal: (1) that venue in this court is improper under principles of forum non conveniens; (2) that Deb has failed to state a claim upon which relief can be granted; (3) that Deb has failed to join a required party; and (4) that an identical action is pending before a Canadian court.  (Filing No. 78 at 1.)  The Court addresses each argument in turn.

### A.    Forum Non Conveniens

Defendants argue that Deb's Amended Complaint must be dismissed under the forum non conveniens doctrine, because India is an available and adequate forum to resolve this dispute.  (Filing No. 78 at 10.)  Deb responds that Defendants have not met their burden to establish that India is either available or adequate.  (Filing No. 78 at 10.)

From the outset, the Court takes issue with Defendants' contention that this Court "must" dismiss this action under the doctrine of forum non conveniens.  That doctrine is a discretionary one, and assuming that venue is proper where filed, a court may always determine whether nor not to exercise its discretion to dismiss a case on those grounds.  *See Deb*, 832 F.3d at 805 (internal citations and quotations omitted) ("A district court may dismiss a case on forum non conveniens

grounds when it determines that there are strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction. A dismissal for forum non conveniens is committed to the sound discretion of the trial court…"). The doctrine should also be used "sparingly," as a dismissal on forum non conveniens grounds is an exceptional remedy. *See, Id.* at 805. As the Seventh Circuit stated in its opinion on review of this Court's prior order:

> [U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. The exceptional nature of a dismissal for forum non conveniens means that a defendant invoking it ordinarily bears a heavy burden in opposing the plaintiff's chosen forum. A heavy burden is appropriate, because if the doctrine is successfully invoked, the result is not a transfer to another court but a dismissal, and the plaintiff will not be able to refile his case in any other court if the statute of limitations has run.

*Id.* at 805-06. Here, where the plaintiff has chosen a forum that is not his home, the presumption in the plaintiff's favor applies with less force. *See id.* at 806. However it "is still the defendants' burden to oppose the chosen forum." *Id.*

The forum non conveniens inquiry involves two steps. First, a court must "determine if an alternative and adequate forum is available…" *Id.* at 807. A court starts "with the availability of the forum because, as a practical matter, it makes little sense to broach the subject of forum non conveniens unless an adequate alternative forum is available to hear the case. Therefore, the first step in any forum non conveniens inquiry is to decide whether such a place exists." *Id.* (internal citations and quotations omitted). As to the alternative forum:

> [a]n alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction. An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly. Adequacy only comes into play to the extent that the remedy would be so inadequate that for all intents and purposes the forum is not available. A forum is not inadequate merely because the law in the foreign jurisdiction is less favorable to the party opposing dismissal.

*Id.*

So, in order to show that their proposed alternative forum, India, is available, Defendants are required to establish that "Deb could sue these Defendants, SIRVA and [Allied U.S.] in India." *Id.* at 807-08. As in the initial Motion to Dismiss, Defendants have not indicated that they would consent to the jurisdiction of an Indian Court. *See Deb,* 832 F.3d at 812 (noting that a concession of jurisdiction is one form of evidence that a defendant can present to demonstrate that a foreign jurisdiction will be available). In support of their argument that Deb could sue the Defendants in India, Defendants have submitted a "legal opinion" offered by Yamandeep Kumar of Singhania & Partners, LLP as to whether Allied U.S. and SIRVA would be subject jurisdiction of a court in India.[3]

Deb objects to the Court's consideration of Mr. Kumar's report. ([Filing No. 92 at 7].) Deb points out that the report and accompanying affidavit do not disclose Mr. Kumar's qualifications "to opine as an expert on the issues contained in his report." ([Filing No. 92 at 7].) Deb also states that he requested information regarding Mr. Kumar, such as his CV, qualifications, or prior publications, and that both Defendants and Mr. Kumar have improperly refused to provide any such information or to respond to the relevant discovery requests. ([Filing No. 92 at 7-8].) As such, Deb contends, Defendants have "thwart[ed] attempts to make [the report] subject to an adversarial process in which the parties have an opportunity to argue about its meaning and import." ([Filing No. 92 at 7], citing *Deb*, 832 F.3d at 814.)

---

[3] As the Seventh Circuit highlighted, in a case like this, ordinarily a court would be able to view "evidence of the party moving to dismiss (the defendant) in order to rebut the allegations of the non-movant's (the plaintiff's) complaint asserting facts supporting its chosen venue. This case is unique in that, in an unusual course of events, the *defendants* cite to the *plaintiff's* bare allegation of a joint venture in the complaint in order to support their contention that the case should be dismissed under Rule 12(b)(3). But the general premise is the same. Where one party makes a bald claim of venue and the other party contradicts it, a district court may look beyond the pleadings to determine whether the chosen venue is appropriate." *Deb,* 832 F.3d at 809-10 (emphasis in original).

The Court agrees that it is impossible to assign proper evidentiary weight to Mr. Kumar's report without any information as to the expertise of the drafter or the circumstances of the drafting. In any event, Mr. Kumar's report fails to provide any evidentiary support for Defendants' factual contention that they would be subject to the jurisdiction of an Indian court in this matter.

First, the report as a whole is confusing. The Court excerpts a portion of the report below, by way of illustration.

> 4. As per the applicable law in India as discussed above, though neither SIRVA nor AVL could be impleaded as Defendant in a legal proceedings filed by Mr. Deb in India, but if any legal action is brought by Mr. Deb in India, he may not be prohibited from impleading SIRVA and AVL as Defendants along with Allied Lemuir. However, the legality of such legal action qua SIRVA and AVL could either be judged by the court in India on its own depending upon the facts of the present case or upon filing of an Application to that effect by SIRVA and AVL. As mentioned above, Order I Rule 10(2) of empowers the court to strike out or add parties. Therefore, in the situation of a case being filed in India, SIRVA and AVL could move an application before the competent court in India seeking striking out their names from the array of parties and dropping of the case against them. It would be pertinent to mention here that the District Court had rightly observed in its judgment dated June 6, 2014 that *it is the law of the forum that renders a party amenable to jurisdiction not the consent of the parties.*

(Filing No. 78-2 at 8.) Take, for example, the first sentence of the excerpted portion. It seems to suggest both that Defendants could not be "impleaded," but also that Deb "may not" be prohibited from impleading them. This confusion is representative of the report as a whole, and in many instances, the Court cannot determine what legal or factual conclusion the report is actually drawing. Mr. Kumar also appears to base his opinion on his own determinations regarding facts (and associated legal conclusions) that are actually at the heart of the present dispute. For example, the report cites as a "pertinent fact" that SIRVA and Allied U.S. have "no nexus" to the present

case.  ([Filing No. 78-2 at 6](#).)  And it states that "…no cause of action having accrued against SIRVA and AVL, Indian courts may delete their name as Defendant upon application or suo moto under Rule 10 of Order 1 of Code."  ([Filing No. 78-2 at 7](#).)  The report seems to have based its conclusions on disputed facts that are currently in front of this Court, a fact that renders the report, even if this Court could make heads or tails of it, of little informative value.

The Court reiterates that Defendants bear the burden of establishing that jurisdiction would be proper in India, and even reading this report with a surplus of latitude, it establishes at best an individual's opinion that Defendants *might* be subject to jurisdiction there.  *See*, [Filing No. 78-2 at 7-8](#).  The Court is also mindful of the Seventh Circuit's observation that:

> [t]he defendants cannot have it both ways.  They cannot vehemently deny any connection with the underlying actions giving rise to this litigation or any connection to Allied Lemuir, and simultaneously assert that the plaintiff could sue them in an Indian court.  If there is an independent basis on which an Indian court might assert jurisdiction over the defendants, unconnected to the facts of this case, the defendants have not noted it.

*Deb*, 832 F.3d at 811.  Here, Defendants have again attempted the same strategy.  They have declined to provide any evidence as to the relationship between themselves and Allied Lemuir, but have argued that nonetheless, they are subject to the jurisdiction of an Indian court.  As Deb points out, contrary to the Seventh Circuit's admonition recited above, the proffered report itself is based entirely on the facts of the present case—not an independent basis on which an Indian court might assert jurisdiction.

Mr. Kumar's report is the only evidence provided by Defendants regarding the availability of India as an alternative forum.  For the reasons described above, the Court concludes that Defendants have not met their heavy burden of establishing that India is indeed available, because they have not provided any evidence (in the absence of a concession to jurisdiction) establishing that they would be subject to a court's jurisdiction in India.

The Court therefore denies Defendants' motion to dismiss on forum non conveniens grounds.

**B.**    **Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d at 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.; see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Defendants argue that Deb has failed to state a claim upon which relief may be granted, under Rule 12(b)(6). Defendants contend that the Amended Complaint suffers from three defects: (1) Deb's claims are time barred; (2) Deb has failed to adequately plead breach of contract; and (3) Deb cannot maintain a conversion claim.

### 1. **Statute of Limitations**

Defendants argue that the Indian Limitations Act of 1963 (the "Limitations Act") provides the applicable statute of limitations for Deb's breach of contract and conversion claims, and that the limitations period is three years from the date on which the goods should have been delivered. (Filing No. 78 at 19.) Defendants argue that as of January 30, 2010, the goods had still not been delivered, and that Deb waited "almost four years" from that point (on July 12, 2013) to file suit. (Filing No. 78 at 19.) Deb responds that Defendants cite the wrong portion of the Limitations Act for the applicable limitations period, and that the period actually begins to run from the date that Deb discovered that his goods had been sold. (Filing No. 92 at 23.) Deb alleges that he made that discovery on April 12, 2013, when he received the letter from Allied Lemuir's counsel, rendering his July 12, 2013 filing timely.

The Court begins by noting that generally, consideration of a statute of limitations at the motion to dismiss stage is inappropriate. A statute-of-limitations argument represents an affirmative defense. Because a plaintiff need not anticipate or allege facts that would defeat affirmative defenses, a court typically cannot dismiss a complaint for failure to satisfy a statute of limitations until summary judgment. *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004). However, a court may properly rule on an affirmative defense

where the complaint includes all the information necessary to do so. *Id.* Therefore, where "the relevant dates are set forth unambiguously in the complaint," a court may reach a statute-of-limitations argument on a motion to dismiss. *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009).

The Amended Complaint does not provide sufficient factual detail for the Court to reach a statute-of-limitations defense at this stage. First, the Amended Complaint does not allege with particularity the date on which either the goods "should have been received" or the date on which the goods were sold. Second, the parties disagree as to which particular provision of the Limitations Act applies to Deb's claim, and therefore whether the proper accrual date is the goods should have been received or the date on which the goods were sold. While both parties forward their own readings of the statute, neither side provides any Indian law citations that offer guidance to this Court as to which interpretation should prevail as a matter of law. Therefore, dismissal on these grounds is not warranted.

### 2. **Breach of Contract**

Defendants also argue that Deb's claim should be dismissed under Rule 12(b)(6), because he has not pleaded sufficient allegations to satisfy the elements of a breach of contract claim under Indian law. (Filing No. 78 at 20.) Defendants allege that they neither conducted business with Deb nor were parties to any contracts with Deb, and therefore cannot be held liable for any alleged breach. (Filing No. 78 at 20.) In response, Deb argues that he has sufficiently pleaded that Defendants were members of a "joint venture" with Allied Lemuir under Indian law, and therefore the Defendants are jointly and severally liable for any breach committed by Allied Lemuir. (Filing No. 92 at 31.) Defendants reply that Deb has not pleaded sufficient facts to demonstrate that they "had a right to direct and govern the business opportunity or shared in the profits and losses with

respect to the purported joint venture, both of which are required for joint venture liability." (Filing No. 101 at 13.)

Both parties appear to agree that under Indian law, a party breaches a contract when it: (1) has a legally enforceable obligation; (2) breaches that obligation; and (3) consequently causes the non-breaching party to suffer damages. (Filing No. 78 at 20, citing *Best Medical Intern v. Tata Elxsi Ltd.,* 2011 WL 5843267, at *12 (E.D. Va. 2011) (citing Indian Contract Act No. 9 of 1872 at §§ 2, 7, 10, 73)). Defendants argue that Deb cannot establish a breach of contract, because "neither [Allied U.S. nor Sirva] conducted business with or was a party to any contracts with Deb." (Filing No. 78 at 20.) The parties devote a considerable portion of their briefing to the question of what is required in order for entities to be considered a "joint venture." The Court need not rehash the briefing in detail, because as the parties' arguments themselves demonstrate, whether a joint venture has been created is a fact-specific inquiry that is ill-suited to resolution on a motion to dismiss. Indeed, many of the relevant facts for such an inquiry would normally be unknown to a plaintiff until discovery has been completed.

Deb has alleged the following facts, which are sufficient to plead the existence of a joint venture: "Allied Lemuir, now known as Allied Pickfords, is a member of the SIRVA Group…" (Filing No. 27 at 2); "SIRVA, at all relevant times, held itself out as having the following brands: 'Allied', 'Allied International', 'Allied Pickfords', and many others," (Filing No. 27 at 3); "Allied Lemuir was created as a joint venture on August 2, 1999 by Allied and Lemuir," (Filing No. 27 at 3); "[t]o form the Allied Lemuir joint venture, Allied contributed forty-five percent (45%) of the paid up capital and Lemuir contributed fifty-five percent (55%) of the paid up capital," (Filing No. 27 at 3); "Allied, at all relevant times, held itself out as coming 'under the umbrella of Sirva,'" (Filing No. 27 at 3).

The Court therefore denies Defendants' motion to dismiss the breach of contract claim.

**3. Conversion**

Defendants also move to dismiss Deb's conversion claim, arguing that "they never had control over Deb's property let alone had anything to do with Deb's transaction with Allied Lemuir to ship his household goods…" (Filing No. 78 at 21.) Deb responds that Defendants are jointly and severally liable with Allied Lemuir, due to their participation in a joint venture. (Filing No. 92 at 31.) For the reasons described above regarding Defendants' motion to dismiss the breach of contract claim, the Court concludes that Deb has sufficiently pleaded the existence of a joint venture.

As such, the Court denies Defendants' motion to dismiss the conversion claim.

**C.    Failure to Join Required Party**

Defendants argue that Allied Lemuir is a required party to this lawsuit, and because Allied Lemuir has not been joined, the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. (Filing No. 78 at 29.) Defendants argue that under Rule 19(a)(1)(A), the Court cannot afford complete relief among the parties without the joinder of Allied Lemuir, because "no matter which of the parties prevails, they will each likely seek indemnification from Allied Lemuir in a subsequent lawsuit." (Filing No. 78 at 30.) Defendants also contend that "[f]undamental joinder principals dictate that contracting parties are indispensable parties to litigation." (Filing No. 78 at 30.) Deb responds that Allied Lemuir is not a required party under Rule 19, because he is seeking to hold Defendants responsible for a contract under a theory of joint and several liability. (Filing No. 92 at 38.)

Federal Rule of Civil Procedure 19 provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined

as a party if…in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).  That rule also provides that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  The Rule specifies that the Court should consider the following factors in determining whether equity requires dismissal:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  Rule 12(b)(7) allows a party to move for dismissal for failure to join a party under Rule 19.

Defendants bear the burden of showing that Deb has failed to join a necessary and indispensable party, and the Court concludes that they have not met that burden. *See Provident Tradesmen's Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111-12 (1968); *Thomas v. United States,* 189 F.3d 662, 645 (7th Cir. 1993).  Defendants argue, citing *U.S. ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479 (7th Cir. 1996), that contracting parties are always indispensable parties to litigation, and therefore are required to be joined.  However the authorities cited by Defendants reflect the rule that "[i]n cases seeking reformation, cancellation, rescission, or otherwise challenging the validity of a contract, all parties to the contract generally must be joined."  *Roche v. Country Mut. Ins. Co.*, 2007 WL 2003092, at *5 (S.D. Ill. 2007) (citing Wright, Miller & Kane,

*Federal Practice & Procedure* § 1613). Here, neither party is seeking reformation, cancellation, or rescission, nor does either party otherwise challenging the validity of the contract; Deb is suing for breach of contract. *See, e.g.*, *Rhone-Poulenc Inc. v. Int'l Ins. Co.*, 71 F.3d 1299, 1301-02 (7th Cir. 1995) ("A victim of wrongdoing is not generally required to sue all the wrongdoers. Certainly not in a tort case, where the rule of joint and several liability reigns; and not in a contract case either."). Defendants do not explain why the holdings in those cases should be extended to the circumstances at hand, and the Court declines to do so.

Defendants contend that, even if contracting entities are not *per se* required parties, Allied Lemuir is a required party in this instance, because it meets the requirements of Rule 19(a). Defendants argue that, in Allied Lemuir's absence, the court cannot accord complete relief among existing parties, because the Court would need to: (1) assess the conduct of Allied Lemuir to resolve the dispute; and (2) the Defendants, if they were held liable, would likely seek indemnification from Allied Lemuir. (Filing No. 101 at 17, citing Fed. R. Civ. P. 19(a)(1)(A).)

First, "the 'complete relief' contemplated by Rule 19 applies to relief between the persons already parties, and not as between a party and the absent person." *Perez v. PBI Bank, Inc.*, 2015 WL 500874, at *4 (S.D. Ind. 2015). Accordingly, the fact that one party may ultimately seek indemnification by a non-party is irrelevant to the Rule 19(a) analysis. *See also, Pasco Int'l (London) Ltd. v. Stenograph Corp.,* 637 F.2d 496, 503 (7th Cir. 1980) ("potential indemnitors have never been considered indispensable parties, or even parties whose joinder is required if feasible"). Second, the fact that an assessment of Allied Lemuir's conduct would be relevant in resolving the dispute does not render it a required party. A joint tortfeasor, for example, is not a required party when the tortfeasors are jointly and severally liable for the injury. *See, e.g., Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 880 (7th Cir. 2004) ("When a plaintiff is

harmed by the acts of several persons, all may be essential sources of evidence in a suit against any. But if this possibility automatically required that all be joined, the rule that joint tortfeasors are not by virtue of their jointness indispensable parties, and the extension of that principle to the case in which the plaintiff is harmed by a breach of contract procured by a tortfeasor whom the plaintiff has sued without joining the contract breaker, would be overthrown.")

At this stage of the proceedings, Defendants have not established that Allied Lemuir is a required party under Rule 19(a). The Court therefore denies Defendants' motion to dismiss on these grounds.

**D.**    **Identical Action in Foreign Court**

Defendants' final argument is that dismissal is warranted under international comity principles and under the *Colorado River* doctrine, because the same case is pending in a Canadian court. (Filing No. 78 at 24.) Deb responds that the two lawsuits are not sufficiently parallel to justify abstention, and that even if they were, the balance weighs against abstention. (Filing No. 92 at 34.)

The *Colorado River* doctrine "allows courts to conserve judicial resources by abstaining from accepting jurisdiction when there is a parallel proceeding elsewhere," including a parallel proceeding in a foreign court. *Deb,* 832 F.3d at 814. "Abstention under the *Colorado River* doctrine may only be used in exceptional circumstances if it would promote wise judicial administration." *Id.* (internal citation and quotation omitted). In order to determine whether abstention is appropriate, "[f]irst, the court must determine whether the concurrent … actions are actually parallel. If so, the court must consider second whether exceptional circumstances justify abstention." *Id.* (quoting *Adkins v. VIM Recycling, Inc.,* 644 F.3d 483, 498-99 (7th Cir. 2011)).

As to the first factor, Defendants argue that the proceeding currently pending in Canada is parallel to the action in this Court.  (Filing No. 78 at 24.)   Defendants contend that "[b]oth lawsuits involve Deb as the plaintiff, the transportation of Deb's personal property from India to Canada, the identical moving and storage costs and the loss of the identical goods."  (Filing No. 78 at 26.) Defendants also argue that in both actions "Deb asserts that the defendants were obligated and failed to perform services concerning the transportation of his personal belongings…"  (Filing No. 78 at 26.)  Defendants acknowledge that the defendants in the Canadian and U.S. actions are not the same, but they argue that Deb should have joined the defendants present here in the Canadian action, rather than filing a lawsuit in U.S. courts.  (Filing No. 78 at 26-27.)

Deb responds that Defendants have failed to demonstrate with evidence that the defendants in both actions are substantially similar.  (Filing No. 92 at 33.)  Deb argues that "Defendants have not submitted any additional evidence with their renewed motion addressing whether they have any connection to Allied Canada."  (Filing No. 92 at 33.)  Deb also argues that Defendants have not shown a substantial likelihood that the Canadian litigation will dispose of the claims presented in this case.  (Filing No. 92 at 33.)  Deb contends that "[t]he primary issue in the Canadian case (assuming it was active) would be whether Allied Canada has any nexus with Allied Lemuir sufficient to hold it jointly and severally liable for the disposition of Mr. Deb's property.  That would not, however, resolve the primary issue in the present action of whether SIRVA and [Allied U.S.]…have a sufficient nexus with Allied Lemuir as a joint venture to hold them jointly and severally liable…"  (Filing No. 92 at 33.)

Two suits are parallel for under the *Colorado River* doctrine:

when substantially the same parties are contemporaneously litigating substantially the same issues.  Precisely formal symmetry is unnecessary.  A court should examine whether the suits involve the same parties, arise out of the same facts, and raise similar factual and legal issues.  In essence, the question is whether there is a

substantial likelihood that the [foreign] litigation will dispose of all claims presented in the federal case. Any doubt regarding the parallel nature of the [foreign] suit should be resolved in favor of exercising jurisdiction.

*Deb,* 832 F.3d at 814-15 (quoting *Adkins,* 644 F.3d at 498-99). The Court agrees with Deb that Defendants have not established either that the parties in the two actions are substantially the same, or that the foreign litigation will dispose of the claims presented in this case. First, Defendants have not presented any evidence establishing the relationship between themselves and Allied Canada, the defendant in the Canadian action. Whether Allied Canada is related to Defendants, as a joint venture or something else, is relevant to determining whether the parties are substantially the same. Presumably, that information is known to Defendants, and it is their burden as the party moving for dismissal to establish that this is one of the "exceptional circumstances" in which the *Colorado River* doctrine applies. Moreover, Defendants provide no legal support for the contention that the *Colorado River* doctrine applies because Deb should have joined Defendants in the Canadian action. (Filing No. 101 at 14.) But even if this were a relevant factor to determining whether the parties are substantially the same, as the Seventh Circuit pointed out regarding Defendants' initial motion to dismiss, "we have no idea whether Allied Canada has any connection to the defendants in this case, let alone whether they are "substantially the same party" (*see Adkins*, 644 F.3d at 498) and the defendants did not offer any evidence that they would be subject to jurisdiction in Canada." *Deb*, 832 F.3d at 815. That observation remains true as to Defendants' renewed motion to dismiss.

Second, even accepting Defendants' description of the Canadian lawsuit as true, Deb correctly points out that the issue in that case would be whether Allied Canada and Allied Lemuir were engaged in a joint venture, and the issue of Allied Canada's liability. Especially given that Defendants have presented no evidence as to their relationship with Allied Canada (or Allied Lemuir), the Court cannot conclude that resolution of the Canadian case would resolve this one.

The issue presented in this case turns upon the relationship between Allied U.S., SIRVA, and Allied Lemuir, and Defendants have not established that the resolution of the Canadian case would have any impact on that issue.

The Court therefore denies Defendants' motion to dismiss on the basis of *Colorado River* abstention.

## IV. <u>CONCLUSION</u>

A motion to dismiss does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). For the foregoing reasons, the Court finds that Deb's claims have survived the initial hurdle of a motion to dismiss. Whether or not these claims can survive summary judgment is a matter for another day. For the reasons described above, the Court **DENIES** Defendants' Renewed Motion to Dismiss, (Filing No. 77).

Date:  9/11/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kevin Dale Koons
KROGER GARDIS & REGAS LLP
kdk@kgrlaw.com

Stephanie Sackellares Penninger
BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
spenninger@beneschlaw.com

David E. Wright
KROGER GARDIS & REGAS LLP
dew@kgrlaw.com

Eric L. Zalud
BENESCH FRIEDLANDER COPLAN & ARONOFF LLP
ezalud@beneschlaw.com